# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| | | | |
|---|---|---|---|
| Case No. | CV 18-4394 JLS (MRW) | Date | December 5, 2018 |
| Title | Nava v. Baughman | | |

Present: The Honorable **Michael R. Wilner**

| Veronica Piper | n/a |
|---|---|
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Petitioner: | Attorneys Present for Respondent: |
|---|---|
| None present | None present |

**Proceedings:** **SECOND** ORDER TO SHOW CAUSE RE: DISMISSAL

1. This is a successive habeas action by a state prisoner. In May 2018, the Court issued an order to Petitioner to explain why the successive, unexhausted petition should not be summarily dismissed. (Docket # 4.) Despite receiving an extension of time to file his response (Docket # 8), Petitioner has not done so to date.

2. In September 2018, the Court issued an order to Petitioner to show why the action should not be dismissed. The order was sent to Petitioner's last known address: Sacramento State Prison. (Docket # 9.)

3. That order was returned by the postal service. The face of the returned envelope had the cryptic notation "OTC 9-22-18." (Docket # 10.) A telephone call from the clerk explained the meaning of the notation. Petitioner was "out to court" on a criminal case, and was not then housed at the Sacramento prison. The Court has no other information about Petitioner's current location.

4. Local Rule 41-6 requires a pro se litigant to update the Court with a current mailing address. Failure to do so within 15 days of the service of undeliverable mail may result in the dismissal of the action "for want of prosecution" under Federal Rule of Civil Procedure 41.

5. Given the status of the action, Petitioner's failure to respond to the Court's earlier orders, and his failure to update his mailing address based on his most recent transfer, the Court could properly dismiss the action immediately. Nevertheless, in the interests of justice, the Court will give Petitioner a final opportunity to respond to the original order regarding his successive habeas action.

6. Therefore, by January 7, Petitioner will respond to this order by filing: (a) his substantive response to the Court's screening order; and (b) an explanation as to why he failed to comply with the Court's previous deadlines.

**Failure to file a timely submission as directed above will result in a recommendation that this action be dismissed for failure to prosecute and obey Court orders pursuant to Federal Rule of Civil Procedure 41(b).**